IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| CHARLES ROBERT SHORT, MARJORIE H. SHORT, and C.D. SHORT FOODS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 4:08-cv-00380-JEO |
| DAVID WENDEL, SHORT FOODS, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Before the court is the "Motion to Remand" and "Amendment to Motion to Remand" filed by Charles and Marjorie Short and C.D. Short Foods, Inc. (hereinafter "the plaintiffs"). (Doc. 4 & 7). The motion and the amendment thereto are opposed by defendant Short Foods, Inc. (hereinafter "Short Foods" or "the defendant"). Upon consideration, the court finds that the motion to remand is due to be granted and this matter remanded to the Circuit Court of Etowah County, Alabama.

### BACKGROUND

#### Procedural History

The plaintiffs initially filed this action in the Circuit Court of Etowah County, alleging state law breach of contract, unlawful eviction, and other claims against David Wendel (hereinafter "Wendel") and Short Foods. (Doc. 1). On January 25, 2008, Short Foods filed a demand for arbitration. *Id*. On March 4, 2008, Short Foods removed this action premised on diversity jurisdiction. *Id*. Apparently, at some point on the same day, defendant Wendel's answer and counterclaim for $200,000.00 were filed in state court. (See Doc. 6, p. 7 at n.1).

The plaintiffs filed their "Motion to Remand" on March 10, 2008. (Doc. 4). On March 12, 2008, Short Foods filed its answer and counterclaim for $200,000.00. (Doc. 5). Defendant Short Foods filed a response to the plaintiffs' motion to remand. (Doc. 6). The plaintiffs' filed an amendment to the motion to remand (doc. 7) and a reply to the defendant's response (doc. 8).

The plaintiffs have also filed motions to dismiss the counterclaims of both defendants. (Doc. 9 & 10).

## Facts

As best this court can discern from the limited record before it, representatives of defendant Short Foods began discussions last year to purchase C.D. Short Foods, Inc., an Alabama Corporation (hereinafter "CDSF") from the plaintiffs. On or about July 18, 2007, Short Foods contracted with the plaintiffs for the sale "of virtually all of CDSF's assets" for approximately one hundred seventy-five thousand and 00/100 dollars ($175,000.00).

The transaction closed on July 18, 2007, with the execution of various documents. According to the plaintiffs, they executed the documents premised on representations from Short Foods that they were arranging for the required payments. (Doc. 1, p. 62 at ¶ 5). They further allowed the defendants "to assume control of the business." *Id*. at ¶ 6. "Subsequently, the [d]efendants appropriated funds from the accounts of [CDSF], appropriated all cash receivables from the Company, deposited bogus checks in the account of the Company, failed to make payment of accounts payable, and tendered fake or insufficient funds checks." *Id*. at ¶ 7.

Contrary to the foregoing allegations, Short Foods asserts that the plaintiffs caused CDSF's account to become overdrawn by about $35,000.00 in contravention of the closing agreement. (Doc. 6 at p. 4). Additionally, Short Foods alleges that the plaintiffs' closing

attorney failed and refused to provide it with a copy of the closing documents. *Id*.

The defendant next alleges that the plaintiffs locked the representatives of Short Foods out of the business it had purchased, prohibiting it from conducting its business and from removing any equipment or other items from the premises. *Id*. at p. 5. Short Foods further alleges that the plaintiffs converted funds belonging to it to CDSF without authority. *Id*.

## STANDARD OF REVIEW

Because federal courts are courts of limited jurisdiction, the defendant carries the burden of showing the propriety of this court's removal jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied*, 520 U.S. 1162 (1997). Any ambiguities are to be construed against removal because the removal statute should be strictly construed in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.").

## DISCUSSION

Any civil action brought in state court may be removed to federal court by the defendant if the federal court has subject matter jurisdiction. 28 U.S.C. § 1441(a). District courts have subject matter jurisdiction over civil actions that present a federal question or in which diversity of citizenship exists. *See* 28 U.S.C. §§ 1331 & 1332. Diversity jurisdiction exists when the civil action is between "citizens of different States" and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). As just noted, when a case is removed to federal court, the defendant carries the burden of proving that the court has subject matter jurisdiction.

**Amount in Controversy**

In this case, the parties dispute the amount in controversy. The plaintiffs assert that their verified complaint states that they are only seeking to recover $74,000.00. Specifically, they state that their complaint "establishes that the amount in controversy is not within the original jurisdiction of this Court." (Doc. 4 at p. 1). Accordingly, they conclude that removal was improper. *Id*. In the amendment to the motion, the plaintiffs assert that the removal was not "consented to by all Defendants" and, therefore, improper in that defendant David Wendel (hereinafter "Wendel") did not consent to the same. (Doc. 7 at ¶ 1).

The defendant counters that the amount in controversy exceeds the jurisdiction amount for a number of reasons. First, Short Foods alleges that if the plaintiffs are seeking to recover punitive damages for fraud and wantonness as they allege in the complaint, "the amount they seek must necessarily be at least $75,000, sufficient to meet the jurisdictional amount." (Doc. 6 at pp. 8-9). Next, it asserts that the demand for arbitration that it (Short Foods) filed should have allowed the plaintiffs to see that the case was removable. *Id*. at p. 9. Lastly, the defendant asserts that its counterclaim satisfies the amount in controversy. *Id*. at pp. 10-11.

The plaintiffs reply that the amount in controversy is to be determined from the complaint, not the counterclaim. They rely principally on *Burns* and *Maloan v. Bancorpsouth Bank, Inc.*, 2002 WL 1397266 (W.D. Tenn. 2002).

*Burns* is controlling on the question presently before the court. Therein, the Eleventh Circuit Court of Appeals stated:

> Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim . . . . Defendant's right to remove and plaintiff's right to

choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand . . . .

Because removal is only permissible when plaintiff's claim could have been filed in federal court originally, we must look to plaintiff's claim to determine whether removal was appropriate. Plaintiff's complaint specifically requests $45,000[1] in damages. Therefore, no jurisdiction exist on the face of plaintiff's claim. So, the critical question is to what extent must defendant prove jurisdiction exists despite plaintiff's express claim to less than the minimum jurisdictional sum?

We believe the defendant's burden of proof must be a heavy one . . . . Every lawyer is an officer of the court. And, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal.[ ] So, plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth. We will not assume--unless given reason to do so--that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case. Instead, we will assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception. We will further presume that plaintiff's counsel understands that, because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer.

By his assertions, defendant in this case essentially argues that opposing counsel is falsely assessing the case or is incompetently doing so. Considering the specific nature of plaintiff's damage claim, we conclude that, to avoid a remand, defendant must prove to a legal certainty that plaintiff's counsel has, in effect, done one or the other. That is, defendant must prove to a legal certainty that plaintiff's claim must exceed $50,000. This strict standard is consistent with case law and congress' policy of limiting federal diversity jurisdiction.[ ]

. . . .

Having determined what defendant must show to remain in federal court, we find defendant has not met his burden of proof. Defendant has offered nothing more than conclusory allegations that predict that plaintiff intends to wait a year

---

[1] *Burns* was brought when the requisite jurisdictional amount was $50,000.00.

> from her filing date and then boost her damage request. Plaintiff on the other hand has offered to settle the case for $45,000. While this settlement offer, by itself, may not be determinative, it counts for something. Defendant also offered no proof that plaintiff's prayer is grossly inconsistent with her alleged damages.[ ] Her awareness that she "could"--given the power of the court to award more than is requested--recover more is not enough to prove jurisdiction in the face of plaintiff's specific pleading. The case should have been remanded to state court.

*Burns*, 31 F.3d at 1095-97 (citations and footnotes omitted).

With regard to the defendant's argument that the plaintiffs' request for punitive damages on the fraud and wantonness claims surely meets the jurisdictional amount, the court finds this conclusory statement insufficient to overcome the motion to remand. As the just cited language of *Burns* directs, such general and sweeping assertions of jurisdiction are not enough to sustain the defendant's heavy burden. This is particularly true in this case because there is nothing before the court to bring the judgment of the plaintiffs' counsel into serious question. To the contrary, in view of the fact that the plaintiffs are once again in possession and control of CDSF, the anticipated damages would be less.

To the extent that the defendant argues that its demand for arbitration should have allowed the plaintiff to see that the case was removable (doc. 6 at p. 9), the court is not impressed. Initially, it is the evaluation of the plaintiffs' counsel that controls. Additionally, the evaluation of counsel for the defendant does not give the court pause because his client is no longer in control of the property and has alleged more, specific losses in the counterclaim and pleadings before this court.

To the extent that the defendant asserts that its counterclaim satisfies the amount in controversy (*id*. at pp. 10-11), the court again disagrees. Under the facts before the court, the undersigned finds that the amount of the counterclaim is not controlling. The court sees no

reason to depart from the rationale in *Maloan*, 2002 WL 1397266, that the amount of a counterclaim filed after removal should not be considered in determining the amount in controversy. To find otherwise would require the court, to disregard the admonitions in *Burns*.[2]

## CONCLUSION AND ORDER

Because the court finds that the amount in controversy is less than the jurisdictional minimum, it is hereby **ORDERED** that the motion to remand is **GRANTED**.[3] The Clerk of the Court is **DIRECTED** to remand this action, fifteen (15) days after the date of this Order, to the Circuit Court of Etowah County, Alabama. *See* May 8, 1999 General Order for Referral of Civil Matters to the United States Magistrate Judges at ¶ 5 and FED. R. CIV. P. 72(a).

The pending motions to dismiss the counterclaims (doc. 9 & 10) are due to be determined by the State court after remand.

Costs are taxed as paid.

**DONE,** this the 9th day of April, 2008.

_____
JOHN E. OTT
United States Magistrate Judge

---

[2]Even if the court were to find, based on the reply of the plaintiffs (doc. 8 at p. 1) that asserts Wendel is in prison, that the pleading constituting the answer and counterclaim of Wendel was filed before the removal (see *Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999) (*pro se* prisoner's pleadings are deemed filed when they are delivered to prison officials (citing *Houston v. Lack*, 487 U.S. 266, 275, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).)), it would not change the court's determination that a counterclaim should not impact the disposition of the present motion and the amendment thereto.

[3]To the extent that the plaintiff seeks remand of this matter premised on the contention that the removal was not done with the consent of all the parties (see *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1039, 1040 (11th Cir. 2001) ("The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal."), the court finds they are correct in that Short Foods has not met its burden of demonstrating that Wendel consented to the removal. To the contrary, the record (doc. 6, p. 6 at n.1) demonstrates that Short Foods was unaware that Wendel had been served and filed his answer on the day the case was removed.